UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANNYE T. McINTOSH, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Cause No. 2:12-cv-230-JMS-DKL |
| | ) |
| J. OLIVER, Warden, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Dannye McIntosh, an inmate of the Federal Correctional Institution at Terre Haute, Indiana, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of the sentence imposed in connection with his 2005 conviction for drug offenses in No. IP 05-cr-119-03-H-F.

In 2008, McIntosh challenged his conviction and sentence through a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. His challenge was considered in this court's case No. 1:08-cv-422-TWP-DKL. In his initial § 2255 filing, McIntosh argued that his trial counsel had been ineffective in multiple respects, but primarily for not calling as a witness a co-defendant who pled guilty to his role in the offense. On September 25, 2009, while his § 2255 motion was pending, McIntosh submitted an additional argument. McIntosh argued that pursuant to *Begay v. United States*, 553 U.S. 137 (2008), he did not qualify as a career offender under USSG § 4B1.1. Specifically, McIntosh asserted that his conviction for reckless homicide, which was used to enhance his sentence, did not qualify as a crime of violence. McIntosh concluded that he lacked the requisite number of violent felonies or controlled substance offenses required to be categorized as a career offender under the guidelines.

This court denied McIntosh's § 2255 motion in 1:08-cv-422-TWP-DKL (S.D. Ind. Sept. 20, 2011). In its denial, the court considered and rejected McIntosh's argument that his conviction for reckless homicide did not qualify as a crime of violence under *Begay*. The court further denied a certificate of appealability. The Seventh Circuit similarly denied McIntosh's request for a certificate of appealability. That court explained, "[w]e find no substantial showing of the denial of a constitutional right." *McIntosh v. United States of America*, 11-3294 (7th Cir. March 8, 2012).

In the present petition for writ of habeas corpus, McIntosh asserts that the Seventh Circuit's recent decision in *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), warrants reconsideration of his sentence enhancement. But McIntosh has already taken advantage of one opportunity to challenge his sentence based on *Begay*. That challenge was rejected in this court and the Seventh Circuit declined to review this court's decision. Nothing in *Narvaez* would change the analysis or require a different conclusion. In short, McIntosh has already exercised his opportunity to challenge his sentence by arguing that his conviction for criminal recklessness was not a crime of violence. He is not entitled bring this challenge again. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) ("Although *res judicata* does not apply in [post-conviction relief] proceedings, 'the court may still exercise its discretion not to reconsider issues decided at trial, on direct appeal, or in prior § 2255 proceedings.'"). Accordingly, McIntosh's petition for a writ of habeas corpus is **denied** and this action **dismissed**.

Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**


Date: 07/17/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Dannye T. McIntosh
#05361-028
Terre Haute – FCI
P.O. Box 33
Terre Haute, IN 47808

All electronically registered counsel